**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANDREW B. CLAYTON, SR.,**<br>**Petitioner,**<br>**v.**<br>**REBECCA FRANCESCHINI,**<br>**Respondent.** | **Case No. 26–cv–06873–ESK**<br><br>**OPINION** |

**KIEL, U.S.D.J.**

**THIS MATTER** is before the Court on petitioner Andrew B. Clayton, Sr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1). For the following reasons, I will dismiss the Petition without prejudice.

## I. FACTS AND PROCEDURAL HISTORY

On July 4, 2025, petitioner submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (Complaint). *Clayton v. Wilhelm*, No. 25–cv–13535 (D.N.J. filed July 18, 2025) (ECF No. 1).[1] The Complaint alleged that defendant Chris Wilhelm of the Bellmawr Police Department conducted an illegal search and seizure of video evidence. (Compl. pp. 2, 3, 5.) Petitioner asserted that Wilhelm forged a signature on the consent form used to obtain surveillance footage from Bellmawr Liquor Mart. (*Id.* p.5.)

On July 18, 2025, petitioner was convicted of third-degree burglary and sentenced to five years of probation. *State v. Clayton*, No. CAM–23–004421

[1] I take judicial notice of the proceedings in petitioner's civil rights case.

(N.J. Super. Ct.).[2] On October 29, 2025, he was charged with violating the terms of his probation.

On May 8, 2026, I dismissed petitioner's Complaint without prejudice for failure to state a claim. (No. 25–cv–13535 ECF No. 16.) Petitioner submitted an amended complaint and a copy of the Petition. (*Id.* ECF No. 17.) I directed that the Petition be filed in a separate action. (*Id.* ECF No. 18.)

Petitioner asserts that he was held without trial for over two years despite a competency report that stated he may stand trial. (ECF No. 1 pp. 7, 8.) He also states that a second ordered competency hearing has not taken place and that his mail was illegally given to the doctor for consideration as part of the competency evaluation. (*Id.* p. 9.) He asks the Court to dismiss the indictment and declare that Wilhelm committed forgery. (*Id.*)

## II. LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir.

[2] I take "judicial notice of the state court proceedings, which are a matter of public record." *McDonald v. Jones*, 427 F. App'x 84, 85 n. 1 (3d Cir. 2011).

2002). Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b*)); see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## III. DISCUSSION

District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, *see Moore v. De Young*, 515 F.2d 437, 441–42 (3d Cir. 1975), but "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). "The district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." *Moore*, 515 F.2d at 443.

"To the extent [p]etitioner challenges the revocation of his probationary sentence, his reliance on § 2241 is misplaced, as [28 U.S.C. § 2254] is the proper avenue for him to seek relief." *Khan v. Aviles*, No. 23–cv–00698, 2024 WL 3276773, at *2 (D.N.J. June 10, 2024) (citing *DeVaughn v. Dodrill*, 145 F. App'x 392, 294 (3d Cir. 2005) (per curiam)); *see also Strother v. Nardolillo*, 583 F. Supp. 2d 645, 647 n.6 (E.D. Pa. 2008) ("[A]ttacks on the constitutionality of a denial or revocation of state parole that do not attack a state conviction or sentence are properly brought under 28 U.S.C. § 2254 and NOT under 28 U.S.C. § 2241.") (emphasis in original).) Any challenges petitioner wishes to make to his original conviction also must be filed pursuant to § 2254, not § 2241.

Additionally, petitioner has not exhausted his state court remedies. Petitioner indicates that he filed several grievances and appeals in the Jail,

(ECF No. 1 pp. 3, 4), but there is no indication that he submitted his claims to the New Jersey Superior Court Appellate Division or the New Jersey Supreme Court. "'[T]he practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged.'" *Moore*, 515 F.2d at 442 (quoting *Cook v. Hart*, 146 U.S. 183, 195 (1892)). The state courts are equally responsible for "protecting the accused in the enjoyment of his [federal] constitutional rights," and "comity demands that the state courts, under whose process he is held ... should be appealed to in the first instance." *Id.* at 442–43 (internal quotation marks and citations omitted). As petitioner has not exhausted his claims, I will not exercise my pretrial habeas jurisdiction unless there are extraordinary circumstances.[3]

"[I]nvocation of the 'extraordinary circumstances' exception must bring into play the suggestion of an inability of the state forum to afford an adequate remedy at law." *Id.* at 448 (internal citation omitted). There is no such suggestion here. Federal habeas proceedings should not be used as a "'pre-trial motion forum for state prisoners,'" or to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). The Third Circuit has held in other pre-trial habeas actions that requiring defendants to "undergo the rigors of trial" does not constitute an extraordinary circumstance justifying the intrusion into state criminal proceedings prior to the exhaustion of state court remedies. *Moore*, 515 F.2d at 446.

Petitioner has not shown that the state courts cannot address his constitutional claims in the first instance, nor has he shown that his allegations are so unique as to justify federal intrusion. "Once he has exhausted state

[3] I decline to convert the action to a proceeding pursuant to § 2254 for the same reason.

court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Moore*, 515 F.2d at 449.

As petitioner has not shown extraordinary circumstances warranting federal intervention at this time, the petition will be dismissed without prejudice to petitioner's right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies.[4]

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when … jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). I will deny a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for failing to exhaust state court remedies is correct.

[4] I express no opinion as to whether any forthcoming petition has otherwise met the requirements of § 2254.

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Petition without prejudice. No certificate of appealability shall issue. An appropriate Order accompanies this Opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: September 1, 2026